[No. 10,617.—In Bank.]
April 22, 1881.

[62 523]
[94 217]

## PEOPLE v. THOMAS DYE.

MISCONDUCT OF JURY—CONFLICTING AFFIDAVITS.—Where affidavits as to the misconduct of the jury are conflicting, the ruling of the Court below will not be disturbed.

BILL OF EXCEPTIONS—APPEAL.—Upon an appeal from a judgment of conviction, the bill of exceptions stated merely that each party "introduced evidence to sustain the issue on their respective parts."

Held: This was enough without any further setting out of the testimony. If the defendant desired to have a more particular statement of the testimony, he was at liberty to have had it done by setting it forth in the bill. With this statement and none other, the objection that the verdict is contrary to the evidence is untenable.

ID.—ID.—CASES DISTINGUISHED.—People v. Fisher, 51 Cal. 319; People v. English, 52 id. 211, distinguished.

APPEAL from a judgment of conviction, and from an order denying a new trial, in the Superior Court of the County of Lake. HUDSON, J.

S. M. White, for Appellant.

A. L. Hart, Attorney General, for Respondent.

The COURT:

The affidavits and counter-affidavits of the jurors were contradictory, The counter-affidavits denied the statements in the affidavits of the moving party, and showed that the jurors, on a full and fair deliberation, arrived at a verdict. This was the conclusion of the Court below, and we ought not, under the circumstances, to disturb that ruling. That Court held that there was no misconduct of the jury, and we are of the same opinion. We do not intend to admit by what is said above that the affidavits referred to were admissible to impeach the verdict.

The bill of exceptions shows that evidence was before the jury on the issues on which it had to pass. It is stated in the bill that each party "introduced evidence to sustain the issue on their respective parts"—which signifies, in our judgment, that each party offered evidence in order to, or for the purpose of, sustaining the issues on his part. This was

enough without any further setting forth of the testimony. The evidence on the material issues was before the jury, as appears from the statement referred to, and on such evidence a verdict of guilty was reached. We see nothing erroneous in this. If the defendant desired to have a more particular insertion of the testimony, he was at liberty to have it done by setting it forth in the bill. The general statement made in the bill was insufficient to show that there was no evidence before the jury on which to base a verdict. That it was so is an entire misconception on the part of defendant's counsel. With this statement and none other in the bill of exceptions in regard to the evidence introduced, we can not see that the objection that the verdict is contrary to the evidence is at all tenable.

What is said above, in our view, is in entire accord with what is held in *People* v. *Fisher*, 51 Cal. 319, and *People* v. *English*, 52 id. 211.

Judgment and order affirmed.