[No. 10,944. In Bank.—March 22, 1884.]

## THE PEOPLE, RESPONDENT, v. ABRAHAM TURCOTT, APPELLANT.

CRIMINAL LAW—PRACTICE—PRIVATE COUNSEL.—It is not error to permit private counsel to assist the district attorney in the prosecution of criminal cases.

ID.—IRRELEVANT TESTIMONY.—The defendant was charged with murder, and in the opening statement defendant's counsel placed the defense upon the ground ·that at the time of the killing the deceased indicated by his movements an intention to draw a pistol from his pocket, and that defendant believing his life to be in danger, killed the deceased. Certain evidence was given during the progress of the trial regarding a shot-gun concealed in and subsequently taken from the yard of the residence of the deceased, just after the homicide, when the court, of its own motion, refused to allow its admission, unless it could be shown to be relevant. The defendant took an exception, but made no effort to show the relevancy; held, that the action of the court was not erroneous.

ID.—INSTRUCTIONS—CHARGE—CONFLICTING SENTENCES.—The sentences or separate parts of a charge should be read in connection with the context, and the instructions as a whole, and if when so read it appears that the jury was correctly instructed, the judgment will not be reversed because there is an apparent conflict between certain isolated sentences.

ID.—This rule applied to certain instructions regarding the character or degree of evidence necessary to warrant a conviction of murder.

ID.—It is not error to refuse an instruction which is not applicable to the facts of the case.

APPEAL from a judgment of the Superior Court of San Joaquin County.

The facts appear in the opinion of the court.

*S. L. Terry*, for Appellant.

*Attorney-General Marshall, District Attorney Booker*, and *J. E. Budd*, for Respondent.

ROSS, J.—The defendant was found guilty of murder in the first degree and sentenced to be hanged. The appeal is from the judgment. In his behalf it is contended, first, that the court below erred in permitting private counsel to assist the district attorney in the prosecution of the case. The practice allowing district attorneys to have the assistance of other counsel in the prosecution of criminal cases has existed and been acquiesced in almost since the organization of the State, and this practice seems to have been sanctioned by legislative action. In prescribing the course of the trial the legislature has pro-

vided by the second subdivision of section 1093 of the Penal Code, that the district attorney *or other counsel for the people* must open the cause and offer the evidence in support of the charge, and by section 1095 — that if the indictment or information be for an offense punishable with death — *two* counsel on *each* side may argue the cause to the jury. We think the point not well taken.

It is next claimed that there was error on the part of the trial court growing out of this circumstance: One Mrs. Morath during her examination testified that on the evening of the shooting and some time after it occurred, she saw a Mrs. McCann and her brother searching in the yard of deceased's residence, and that the brother raised up with a shot-gun in his hand, which was taken from next the fence and near the gate; that this brother picked up the gun in a stooping position and walked to the back of the house, and two days afterwards she saw a young man named Adams unloading the gun, and that he put it in two pieces. No objection was taken to this evidence by the prosecution, but the court interposed and said that it did not see the bearing of the testimony upon the case, and that therefore there was no necessity of proceeding further in regard to the gun. To this ruling defendant's counsel noted an exception, but made no response to the suggestion of the court that if he could show wherein the testimony in relation to the gun had any bearing upon the case it would be admitted. In its ruling in this particular there was no error on the part of the court below. In outlining his defense in his opening statement the counsel for the defendant put the defense upon the ground that, at the time of the killing, the deceased made a motion with his right hand as if to draw a revolver from his right hip pocket, and the defendant, believing his life to be in danger, thereupon fired the fatal shot, and such was the purport of the defendant's testimony. Under such circumstances, the testimony with respect to the gun was wholly foreign to the case.

It remains to consider defendant's objections to the instructions of the court below. Some of these objections need not be remarked upon. The objection chiefly relied upon by the defendant's counsel relates to the character of evidence the jury

were told was required to show circumstances of justification or mitigation, and in this connection it is claimed that the tenth instruction, given at the request of the defendant, is in conflict with certain portions of the charge of the court. We have given to the charge and the instructions careful consideration, and cannot so hold. There are few cases in which isolated sentences may not be taken and so grouped as to present a conflict. But to do this is not permissible. The sentences are to be read in connection with the context, and the instructions as a whole, and if, when so read, it appears that the jury was fairly and correctly instructed in the law governing the case, the judgment ought not to be reversed merely because there may be an apparent conflict between certain isolated sentences. Now, looking at the tenth instruction given at the request of the defendant, it certainly cannot be said that he has any right to complain. It reads: " The defendant is not required to prove by a preponderance of evidence that the killing of Dietrich was justifiable. If from the evidence offered by the defendant taken by itself, or in connection with that offered by the prosecution, the jury entertain a reasonable doubt whether or not the killing was done under such circumstances as to constitute it justifiable, then the jury should find the defendant not guilty." The conflict claimed by counsel is between this instruction and that portion of the charge of the court wherein the jury was instructed that, upon a trial for murder, the commission of the homicide being proved, the burden of proving circumstances of mitigation, or that justify or excuse it, devolves upon him, unless the proof on the part of the prosecution tends to show that the crime committed only amounts to manslaughter, or that the defendant was justified or excusable; and this he may show by preponderance of evidence merely. Conceding that if this instruction stood alone the word "may" should be read "must," it should not be so read when taken in connection with the other instructions of the court, in which the jury was distinctly told that circumstances of mitigation, excuse, or justification need not be proved by a preponderance of evidence. Such instructions were contrary to the ruling of a majority of this court in the case of *The People* v. *Hong Ah Duck*, 61 Cal. 387; but as the error was in favor of defendant he had no cause of

complaint. The jury was told over and over again that the presumption of law was that the defendant was innocent until his guilt was established by evidence, that he was entitled to the benefit of any and all reasonable doubts, and could not be convicted of any degree of crime unless the jury was fully convinced, by the evidence in the case, of his guilt, beyond and to the exclusion of all reasonable doubt. We see no grounds for saying that the jury was instructed to the prejudice of the defendant in regard to the character or degree of evidence necessary to warrant his conviction.

The other objection urged by counsel is answered by the case of *People* v *Herbert*, 61 Cal. 544.

Judgment affirmed.

MORRISON, C. J., McKEE, J., MYRICK, J., McKINSTRY, J., SHARPSTEIN, J., and THORNTON, J., concurred.

Rehearing denied.