(February 25, 1885.)

## PEOPLE v. BILES.

### [6 Pac. 120.]

ASSISTANT COUNSEL IN CRIMINAL CAUSES.—Counsel may be employed to assist the district attorney in the trial of criminal causes, and the statute recognizes his right to appear and take part in the conduct of the case.

CHARGES GIVEN BY THE COURT.—If the defendant desires to have the charges given by the court of its own motion reviewed by the appellate court, he must except thereto at the time such charges are given and incorporate the same into a bill of exceptions certified to by the judge.

VERDICT.—The verdict of the jury may be corrected in a matter of form by the order of the court, in the presence of the jury, before they are discharged, the jury assenting thereto.

OMISSION OF THE COURT TO CHARGE.—If either party desires the court to give other or further instructions, he must prepare the same and present them to the court for approval or rejection.

MISCONDUCT OF JUROR.—Where affidavits as to the misconduct of a juror are conflicting, the ruling of the court below denying a new trial will not be disturbed.

CUMULATIVE EVIDENCE.—Newly discovered evidence which is merely cumulative is not ground for new trial.

MISCONDUCT OF COUNSEL.—Misconduct of counsel in asserting the falsity of the testimony of a witness in the presence of the court, jury, the defendant and his counsel, is not of itself sufficient to entitle the defendant to a new trial.

(Syllabus by the court.)

APPEAL from District Court, Alturas County.   Affirmed.

James H. Hawley and E. C. Brearly, for Appellant.

The verdict of a jury will always be set aside, if the court should erroneously instruct the jury in a matter of law, which might have influenced their verdict.   (*Bolyss v. Davis,* 1 Pick. 206; *Sate v. Conbie,* 12 Pick. 177; *Boyden v. Morris,* 5 Mass. 365; *Dundey v. Livier,* 5 Mass. 438.)   The drunkenness of a juror during the trials, and his sleeping in consequence, was good cause for setting aside the verdict, and the court should have made such an order.   (*People v. Gray,* 61 Cal. 164, 44 Am. Rep. 549; *Perry v. Bailey,* 12 Kan. 539; *Kellogg & Reed v. Wilder,* 15 Johns. 455; *State v. Baldy,* 17 Iowa, 39; *Ryan v. Harrow,* 27 Iowa, 494, 1 Am. Rep. 302; *Wells v. State,* 26 Ohio St. 486; *Madden v. State,* 1 Kan. 340; *Jones v. State,* 13 Tex. 108; *Davis v. State,* 35 Ind. 496, 9 Am. Rep. 760, and note; *State v. Bullard,* 16 N. H. 139; *Greeg v. McDaniel,* 4 How. 367; *Williams v. Page,* 6 Ark. 535; *People v. Douglass,* 4 Cow. 26, 15 Am. Dec. 332; *Bryant v. Fowler,* 7 Cow. 362.)

Lyttleton Price, for Respondents.

No brief found on file.

MORGAN, C. J.—The defendant was indicted, tried, and convicted for the crime of assault with intent to murder.   Defendant moved for a new trial, which motion was denied by the court, and the defendant appealed, both from the judgment and the order denying a new trial.   The opinion states the errors assigned.

The first error assigned is that the court erred in allowing private counsel to assist in prosecuting the defendant.   While the statute does not specifically authorize the employment of private counsel to assist in the prosecution of persons charged with crime, section 354 of the Criminal Practice Act distinctly and in terms recognizes the right of private counsel to appear and assist the prosecution.   The second clause of said section states: "The district attorney, or other counsel for the people, must open the cause and offer the evidence in support

of the indictment." The words "or other counsel" evidently mean private counsel; as otherwise there could be no other counsel for the people. Section 356, as amended in eleventh session laws, page 227, still more clearly authorizes the appearance of counsel to assist the prosecution, and his right to assist in the prosecution, as follows: "If the indictment is for an offense punishable with death, two counsel on each side may argue the cause to the jury. If it is for any other offense the court may, in its discretion, restrict the argument to one counsel on each side." This recognizes the right of more than one counsel to appear and assist in the prosecution of any criminal cause, but authorizes the court to restrict the argument, in his discretion, to one counsel on each side, in offenses less than capital, but not in capital cases. These sections are not repealed nor affected by section 6 of the act creating the office of district attorney. The latter section reads: "It shall be the duty of the district attorney to prosecute or defend all actions, applications or motions, civil or criminal, in the district court of his county, in which the people, or the territory or county, is interested as a party." It does not say that he shall do so unassisted or alone, but simply means the district attorney shall have the general management and control of all such cases. We see no reason why counsel may not be employed to assist the district attorney in the prosecution of criminal causes. (See *People v. Turcott,* 65 Cal. 126, 3 Pac. 461.)

The second error assigned is: "The court erred in giving the instructions 3, 4, 8, 9, 11, 12, 13, of instructions by the court." All these instructions were given by the court of its own motion. No exception was taken to any of these charges at the time they were given. This the defendant must do at the time the instructions are given, if he desires to have them reviewed in this court. Section 418 of the Revised Laws, reads as follows: "On the trial of an indictment, exceptions may be taken by the defendant to a decision of the court 'in admitting or rejecting testimony, or in deciding any question of law, not a matter of discretion, or in charging or instructing the jury upon the law, or the trial of the issue.'" These exceptions must be taken at the trial.

Section 419 reads: "A bill containing the exceptions must be settled and signed by the judge." Sections 420 and 421 provide for settlement, signing, and filing the bill of exceptions. Section 422 does not save exceptions given by the court of its own motion, but refers only to instructions that have been presented to the court by either party and either given or refused. That section reads as follows: "When any written charge has been presented, and given or refused, the question or questions presented in such charge need not be excepted to nor embodied in a bill of exceptions; but the written charge itself, with the indorsement showing the action of the court, shall form part of the record, and any error in the decision of the court thereon may be taken advantage of, on appeal, in like manner as if presented in a bill of exceptions." In the case of *People v. Hart,* 44 Cal. 598, the court say, with reference to this section: "It is evident that these provisions refer to the written charges or instructions which either party may present and request to be given, and not to the charge which the court may give upon its own motion." These charges not having been excepted to on the trial, cannot be reviewed in this court. (*Cook v. Territory,* 3 Wyo. 110, 4 Pac. 887.)

The third assignment of error is: That the court erred in receiving the verdict of the jury and allowing said verdict to be amended. The verdict as returned was: "Hailey, Idaho, June 18, 1884. We, the jury in the case of *The People of the United States and the Territory of Idaho v. George Byles,* charged with an assault with intent to kill, find the defendant guilty as charged in the indictment." The word "kill" was changed to "murder" by direction of the court. This was a change in matter of form only, and was proper; the verdict being again read to the jury and assented to by them. (Bishop's Criminal Procedure, 1013; *People v. Lee,* 17 Cal. 76.)

The fourth error is that the court erred in neglecting to charge the jury that they might convict the defendant of a lesser offense than the one charged. If the defendant desires the court to give further or other instructions than those given, he must prepare the instruction, and present it to the court for approval or rejection. If he do not do this, the omission

to charge upon the particular point cannot be assigned for error. (*Douglass v. Geiler,* 32 Kan. 499, 4 Pac. 1039.) We find no evidence having a tendency to show that defendant was guilty of any lesser offense than the one charged. The court was not, therefore, required to charge the jury that they might find him guilty of a lesser offense.

In support of the motion for new trial, appellant alleges the drunkenness of the jurors. This allegation is supported by the affidavits of three persons. The fact of drunkenness is denied by the respondent, and this denial is supported by the positive affidavits of six members of the jury, each of whom state that the juror was not intoxicated; that he discussed the evidence and instructions intelligently; and one of the jurors testifies that the said juror was the last one to agree to the verdict. Where affidavits as to the misconduct of the juror are conflicting, the ruling of the court below will not be disturbed. (*People v. Dye,* 62 Cal. 523.) The newly discovered evidence is merely cumulative, and not ground for new trial.

It is claimed by appellant that defendant should be allowed a new trial on the ground of misconduct of one of the counsel for the prosecution. The case shows that one McDermott testified as a witness for the defense; that upon his coming off the stand the assistant counsel for the prosecution demanded his arrest for corrupt perjury. The court remarked that "the grand jury was in session, and that the district attorney could present the matter to them if he thought proper." Counsel for the defense then objected to anything being said having a tendency to influence the minds of the jury. The assistant counsel continuing to make further remarks with reference to the witness, he was stopped by the court, who remarked: "There had better be nothing more said about this matter now." This occurred in open court, in the presence of the defendant and his counsel, before the argument of the cause to the jury. The remarks of the counsel were not approved by the court. No action was taken thereon, and the argument of the cause followed, when counsel could discuss the credibility of the witness. The charges of the court followed, with the usual charge that the jury were sole judges of the weight to be given to the testimony of any particular witness. The cases

referred to in support of the position taken by the appellant were cases in which the successful party had talked to jurors, or in their presence, during a recess of the court, when neither the opposite party nor his attorney were present, differing materially in this respect, from the case at bar. While we think the conduct of the assistant counsel was improper and reprehensible, we do not think it sufficient ground for new trial.

The evidence sufficiently shows premeditation and deliberation. The quarrel commenced at a saloon one hundred and fifty to two hundred yards from Uhl's shop, by defendant calling Uhl vulgar names, and the parties left the saloon a few minutes thereafter, and proceeded toward Uhl's shop together, quarreling on the way, and while going toward the shop the defendant threw away a stone, saying "he would get something better," stepped into a saloon, procured a revolver, and put it into his pocket, defendant being angry at the time. They both proceeded to the shop, and Uhl handed the boots he had been repairing to defendant, when the latter abused him again and called him hard names. Uhl then pushed him out of the shop, and while he was thus pushing him backward defendant got hold of his revolver and fired at Uhl; pressing it into Uhl's face, fired two more shots, one of which struck his face, inflicting a flesh wound. They were then parted by persons who had reached them. There was evidence tending to show that Uhl had kicked the defendant either before pushing him backward or while doing so. Procuring the revolver while they were proceeding to the shop, and during the process of the wordy quarrel, indicated a deliberate intention to use it in the manner he did use it in attempting to shoot Uhl. We think the jury were fully warranted in finding premeditation and malice.

Judgment affirmed, with direction to the court below to make such further order as may be necessary to carry the judgment into effect.

Broderick and Buck, JJ., concurred.