## McGINNESS v. STATE.

Evidence — Witness — Co-Defendant — Competency — Offer of Proof.

1. A co-defendant in a criminal prosecution is a competent witness for the defense on the separate trial of one jointly accused with him.

2. If the testimony of the witness has been rejected by the court, upon the sole ground of his incompetency, it will be presumed that the testimony of such witness would have been material without any statement to that effect in the record, and without an offer having been made of what it was expected to prove by him.

[Decided January 26, 1893. Rehearing denied February 9, 1893.]

Error to District Court of Converse County. Hon. Richard H. Scott, Judge.

The material facts are stated in the opinion.*

*C. C. Wright,* for plaintiff in error.

A co-defendant is a competent witness for the defense upon the separate trial of one jointly accused with him, especially

---

*The transcript of the record and the briefs filed by the Attorney General on the original hearing cannot be found.

since the statutory modification of the common law rule affecting the competency of witnesses. (Marshall v. State, 8 Ind., 498; Everett v. State, 6 Ind., 495; Hunt v. State, 10 Ind., 69; People v. Newberry, 20 Cal., 440; People v. Lubra, 5 Cal., 183; Moffet v. State, 2 Humph. U. S. v. Henry, 4 Wash C. C., 223; State v. Georgia, 1 Ga., 617; State v. Nash, 10 Ia., 81; State v. Gigher, 23 Ia., 218; Noland v. State, 19 O., 131; Allen v. State, 10 O. St., 288; Brown v. State, 18 O. St., 496; State v. Barrows, 76 Me., 401; Wright v. Commonwealth, 85 Ky., 124.) It is the duty of the court, independent of any request, to give such instructions as are applicable to the evidence. (4 Tex. App., 574; 3 Tex. App., 18; Robinson v. State, 5 Tex. App., 519; State v. Branard, 25 Ia., 572; State v. Hagan, 38 Ia., 504.) The instructions requested by defendant which correctly state the law and have any basis in the evidence should also be given. (5 Tex. App., 365; State v. Gibson, 10 Ia., 117.)

*Charles N. Potter*, Attorney General, for defendant in error, argued and contended:

That the common law rule had not been abrogated in this State, and that a co-defendant could not be permitted to testify for the defense.

On application for rehearing. That the rule of the common law by reason of statutory adoption of· the common law of England, must be considered as authority until repealed by legislative enactment. It is a statutory rule of decision not to be departed from until repealed. The argument that the reason for the rule has failed cannot affect a statute.

GROESBECK, CHIEF JUSTICE.

The plaintiff in error, William McGinnis, was convicted of the crime of grand larceny in the district court of the First Judicial District, sitting for the County of Converse, on the 30th day of October, 1891, and thereafter was sentenced by that court to be imprisoned in the penitentiary at Laramie, Wyoming, for the term of four years, where he is now serving his term. Proceedings in error instituted in this court seek

a reversal of the judgment below on various grounds, which assail the rulings of the court in the admission of evidence offered by the prosecution over the objection of the plaintiff in error, the refusal to give instructions asked for by the defense, the giving of instructions over the objection of the defense and the insufficiency of the evidence.

Error is also charged in the refusal of the trial court to permit one John McGinnis, the brother of the plaintiff in error, to testify on behalf of the latter. He was jointly informed against with his brother in the same information, and on application, the trials were severed. Plaintiff in error was first tried, and during the course of the trial, John was called and sworn as a witness in his behalf. He was interrogated by counsel for William, gave his name and residence, and further testified that he was a defendant jointly indicted, or rather, informed against, with said William. At this point the prosecuting attorney objected to his further testimony on the ground of his incompetency as a co-defendant, and the court said: "They (evidently referring to John and William McGinnis) cannot be made witnesses for each other, but can testify for the State." The witness was then excluded over the objection of the plaintiff in error, and an exception was taken to this ruling. In our judgment, it becomes unnecessary to review the other grounds of error assigned, as the decision of the question as to the competency of John McGinnis as a witness for his co-defendant on the separate trial of the latter, will dispose of the case here.

1.   Our statute provides that the defendant in all criminal cases in all courts may be sworn and examined as a witness if he so elect, but shall not be required to testify in any case. Rev. Stat. Wyo., Sec. 3288.   It is clear, then, that the common law rule making defendants incompetent to testify in their own behalf in a criminal cause, has been abrogated by statute. It is equally apparent that if the defendants, John McGinnis and William McGinnis, had been tried together that each could have testified.   The cases parallel to the one at bar seem to be in conflict.   The weight of authority is, however, clearly in favor of permitting the evidence of a co-defendant

to be used for the prosecution on the separate trial of the other defendant, except where he has been convicted of the offense and sentence has been pronounced, but the case before us is one of more difficulty although it has frequently been before the courts.    Mr. Greenleaf states the rule to be as follows:    "The admission of accomplices, as witnesses for the government, is justified by the necessity of the case, it being often impossible to bring the offenders to justice without them. The usual course is to leave out of the indictment those who are to be called as witnesses; but it makes no difference as to the admissibility of an accomplice, whether he is indicted or not, if he has not been put on trial at the same time with his companions in crime.    He is also a competent witness in their favor; and if he is put on trial at the same time with them, and there is only very slight evidence, if any at all, against him, the court may, as we have already seen, and generally will, forthwith direct a separate verdict as to him, and, upon his acquittal, will admit him as a witness for the others.    If he is convicted, and the punishment is by fine only, he will be admitted for the others, if he has paid his fine."    Greenleaf on Evidence, Sec. 379.    A review of the authorities on this subject will be found in the opinion of the court delivered by Mr. Justice Brewer in the recent case of Benson (impleaded with Rautzahn) v. The United States, decided at the October, 1892, term of the Supreme Court of the United States.    A co-defendant jointly indicted for murder with the defendant on trial was permitted to testify for the prosecution in the trial court after a severance had been ordered.    This was held not to be error, and although the court could have rested there without going further, it took occasion to review the cognate question, as to the competency of a co-defendant, jointly indicted but to be tried separately, to testify for the defendant on trial as well as against him.    Under the act of Congress permitting the defendant in criminal cases to testify at his own request, it was held that his competency being thus established, the limits of the examination are those which apply to all other witnesses.    The opinion says:    "Legislation of similar import prevails in most of the States.    The spirit of this legislation

has controlled the decisions of the courts, and steadily, one by one, the mere technical barriers which excluded witnesses from the stand have been removed, till it is now generally, though not perhaps universally, true that no one is excluded therefrom unless the lips of the adverse party are closed by death or unless some one of those peculiarly confidential relations like that of husband and wife, forbids the breaking of silence." The common law rule excluding parties in interest or to the record from the witness stand is no longer of efficacy where the statute permits a defendant to testify. To exclude a co-defendant from testifying when he is not on trial, for the defendant on trial, in a criminal case, is to keep alive a rule, if ever in force in such cases, when the reason for the rule is gone. The learned justice in the Benson case, supra, says further: "If interest and being a party to the record do not exclude a defendant on trial from the witness stand, upon what reasoning can a co-defendant, not on trial, be adjudged incompetent? The conviction or acquittal of the former does not determine the guilt or innocence of the latter, and the judgment for or against the former will be no evidence on the subsequent trial of the latter. Indeed, so far as actual legal interest is concerned, it is a matter of no moment to the latter. While the co-defendant not on trial is a party to the record, yet he is only technically so. Confessedly, if separately indicted, he would be a competent witness for the government; but a separate trial under a joint indictment makes in fact as independent a proceeding as a trial on a separate indictment." Adopting the rule laid down by Mr. Greenleaf, supra, the witness, John McGinnis, would have been competent; adopting the views of some of the courts, he would not have been. The reason for the rule, which we can not concede to be the true one, by these courts, appears to be that parties to the record were incompetent witnesses on account of their interest and the great temptations for perjury, particularly in criminal cases where the life or liberty of the witness was hanging in the balance. The reasons for the statute permitting a defendant to testify in his own behalf are obvious. They are that the jury will take into

consideration the temptations and influences that might sway the defendant and weigh his testimony in the light of his position and surroundings, as they would certainly that of any witness whose interest in the result of the trial is apparent. Another reason for the rule laid down by the courts excluding co-defendants from testifying for those jointly accused with them, on the separate trial of any defendant was the distrust of jurors and the danger of ignorant jurors being influenced in their judgment by the testimony of such witnesses. The more general diffusion of knowledge among the masses of the people during the last half century and the careful legislation adopted for the selection of jurors have rendered obsolete and needless this extreme caution. The sphere of the jury has been enlarged in this country and the tendency of our legislation has been steadily in the direction of leaving as much to the jury and as little to the court, except to define the law, as possible. Modern statutes in the States of the Union are plainly stamped with the theory that the jury must be absolutely free in their domain as judges of the facts involved. For many years interested parties, even those to the record, with but few exceptions, have been permitted to testify in civil cases, under express statutory provisions, and the adoption of these measures have been universally regarded as salutary changes in the law, as they secure the whole truth and admit all the light possible upon the matters in controversy. It seems to be well settled by a long line of decisions that a co-defendant may testify for the prosecution in the separate trial of the other defendant when such co-defendant has not been convicted and sentenced. Why should such co-defendant not be admitted to testify for the defendant on trial as well as against him? There seems to be no good reason for any such distinction which some of the courts endeavor to make. Our statute indeed provides that when two or more persons are indicted together, the court may, at any time before the defendant has gone into his defense, direct that any one of the defendants may be discharged that he may be a witness for the State; that an accused party may, when there is not sufficient evidence to put him on his defense, be dis-

charged by the court; or if not discharged shall be entitled
to the immediate verdict of the jury for the purpose of giving
evidence for the others accused with him.   Rev. Stat. Wyo.,
Sec. 3295.   But this statute was enacted before the passage of
the act permitting a defendant to testify for himself in a
criminal case, and so far as it refers to the admission of a co-
defendant as a witness for those jointly accused with him, it
plainly contemplates a joint and not a separate trial; it
has no reference to the separate trial of one of the defendants
under a joint indictment or accusation permitted by Section
3302 of the revision.   The provision permitting defendants
to sever their defenses where jointly accused was probably in-
tended to provide against the hazard of an innocent man being
prejudiced or injured in his defense by evidence of the guilt
of his companions in court.   The separate trial is in effect as
if the defendant on trial had been separately accused.   The
fact of all being arraigned under the same accusation ought to
be no objection against the testimony of the defendant not on
trial in behalf of a co-defendant on trial.   The jury would
have the witness before them and could test his credibility by
his manner upon the stand and the consistency of his story.
People v. Labra, 5 Cal., 184.   If the rule were otherwise, no
matter how innocent the defendant awaiting his separate trial
might be, or how valuable his testimony might be for the de-
fendant on trial, if the defendant not on trial was jointly ac-
cused, although his trial had not been reached, his testimony
could not be used for his co-defendant.   Our statute would
then permit the innocent defendant to testify on a joint trial,
if discharged by the court or acquitted by the jury at the
direction of the court, on the ground of insufficient testimony
to convict him, but would exclude him when separately to be
tried, before his innocence could be established, although he
might be the one applying for the separate trial, and not the
defendant who desires his testimony.   The absurdity of such
a procedure is manifest.   Although not a matter of record,
and therefore not to be considered by us, only as an illustra-
tion, it was stated in the course of the oral argument in this
case before us by the counsel for the plaintiff in error, the

case against John McGinnis, the excluded witness, was dismissed after the jury in the trial court had retired to consider their verdict in this case. It would be in the power of the prosecution to adopt such a course if the rule contended for were adopted by us, and thus the end of justice would be defeated. Further, it would be possible for the attorney for the prosecution to include in the same accusation all those present at the commission of the offense, whether guilty or not, and thus exclude the testimony of any one of the defendants applying to have his trial severed.

The following cases coming under our observation and referred to in the Benson case bear more or less directly on the questions involved in this branch of the case: State v. Brien, 3 Vroom, 32 N. J. L., 414; Noyes v. State, 12 Id., 41, 41 Id., 418; Noland v. State, 19 Ohio, 131; Allen v. State, 10 Ohio State, 287; Jones v. State, 1 Kelly (Georgia), 610; State v. Barrows, 76 Maine, 401; People v. Labra, 5 Cal., 183; People v. Newberry, 20 Id., 439; State v. Nash, 10 Iowa, 81; State v. Gigher, 23 Id., 218; Commonwealth v. Brown, 130 Mass., 279.

.2. It does not affirmatively appear in the record that after the witness, John McGinnis, was excluded that an offer was made stating what the defense expected to prove by him. When a court rejects testimony for incompetency, immateriality or irrelevancy, it seems that a proffer of such testimony should be made that the question propounded or examination would elicit, in order to enable the trial court to determine whether the testimony is competent or material or not, and the appellate tribunal to see if prejudicial error has resulted from the exclusion of the testimony. Elliott's App. Procedure, Sec. 743, and cases there cited. The rule established in Virginia seems to be the proper one, that is, while it is the rule where an objection is made to the question on the ground of irrelevancy and sustained, it is necessary for the party asking the question to show upon the record what he expects to prove by the witness, in order to put the court in the wrong, but this rule has no application where the objection is to the competency of a witness; since here it is a question whether the

witness 'shall be heard at all, though his testimony be ever so relevant or important.  Thompson on Trials, Sec. 678, citing Carpenter v. Utz, 4 Gratt. (Va.), and Martz v. Martz, 25 Id., 361, 367.  And it has been held that, where a bill of exceptions states that a witness was asserted to be competent by the counsel tendering him, and was rejected by the court, a court of error will infer that the witness was material to sustain the issue, without a direct statement to that effect in the bill of exceptions.  Thompson on Trials, Sec. 682, citing Haussknecht v. Claypool, 1 Black (U. S.), 431; Vide Roy v. Targee, 7 Wendell, 358; Beal v. Finch, 11 N. Y., 128, 135; Brown v. Richardson, 20 Id., 472; Scotland County v. Hill, 112 U. S., 183, 186.  In Hollister v. Smith & Reznor, 9 Ohio St., 1, 9, the rule seems to be clearly stated:

"It seems to us that the distinction taken in the cases from Alabama and North Carolina, and which is also sanctioned in Kentucky in the case of Force v. Smith, 1 Dana, 151, is correct, and that the general rule laid down in Scovern v. The State, 6 Ohio St., 204, is to be taken with the qualification that where a witness is rejected for incompetency to testify in the case, the court not having required the party producing the witness to state what he expected to prove by him, the bill of exceptions need not set forth what the witness would prove or was expected to prove in order to show that the party producing the witness 'had been prejudiced.  In other words, where the witness offered is rejected as incompetent to testify, the court will hold that the party offering the witness has been prejudiced by his exclusion, though the facts he was expected to prove are not stated, the ground of exclusion being one wholly irrespective of the subject matter of his testimony."

Undoubtedly the court may insist on the production of the witness, and upon proof, where it may not desire to rely upon the statement of counsel as to the purport of the evidence sought to be adduced, but it seems clear that if the court rejects the testimony upon the sole ground of the incompetency of the witness, it will be presumed that the testimony of such witness would have been material, without any statement to that effect in the record.  It certainly appears from the bill

of exceptions by the testimony received prior to the rejection of the co-defendant, John McGinnis, that his testimony would have been material.

We think that the ruling of the court below rejecting the witness and excluding him from testifying on the ground of his incompetency as a co-defendant jointly indicted with the defendant on trial, was error, and that the failure to show what his testimony would have been, if permitted to testify, was not fatal.

The judgment of the district court for Converse County is reversed and the cause is remanded to that court for a new trial. It appearing that the plaintiff in error has been committed to the penitentiary, the clerk of this court will under its seal, forthwith certify to the warden of the penitentiary that the said judgment of the district court for Converse County has been reversed and a new trial ordered, and upon the receipt of such certificate, the said warden shall forthwith cause the said William McGinnis to be taken and conducted to the county jail of the County of Converse and committed to the custody of the sheriff of said county.

CONAWAY and CLARK, JJ., concur.

---

## ON MOTION FOR A REHEARING.

GROESBECK, CHIEF JUSTICE.

The Attorney General has filed a brief on a motion for a rehearing in which he states that: "At common law it is a well understood doctrine that a co-defendant can not be used as a witness for the prisoner on trial, but might be used as a witness for the State;" and as the common law was adopted by our statute, the same is still in force, and can only be repealed by direct legislative enactment, and hence the witness, John McGinnis, held to be a competent witness for the plaintiff in error by this court, was incompetent to testify for his co-defendant on the separate trial of the latter, jointly accused with him. As to the competency of the witness under the

common law, the decisions are not harmonious. They are cited in Rapalje on Law of Witnesses, Section 43, and referred to in the following language: "The rule is pretty well settled at the common law that where two or more persons were separately indicted for an offense in which all were implicated, either of them could be a witness for either of the others, on his separate trial; and he might testify for the prosecution in such a case. In the case of the separate trial of two or more persons jointly indicted, the authorities are not harmonious, some of them holding one of them competent for the prosecution; others permitting him to testify for his co-defendant, and still others denying a defendant so situated the right to testify at all upon the separate trial of one united with him in the same indictment, unless he had been previously tried and acquitted." From this review, it is not clear what the precise rule of the common law would be in the case at bar, but the great weight of reasoning is with those courts that hold that the co-defendant may testify for the defendant on trial even when jointly indicted with him, as the separate trials have the same effect as if the parties were separately indicted. The early text writers on evidence, including Greenleaf and Starkie, incline to this position. This view is strengthened by the statute permitting a defendant to testify in his own behalf in a criminal case, as the common law excluding him as a party to the record has been abrogated by statute. If the defendant on trial is a competent witness for himself, why should not one jointly accused with him, but to be tried separately be also competent? He is only technically a party to the record, and his separate trial has the same effect as if he had been separately accused. The motion for a rehearing is denied.