(November 25, 1895.)

## STATE v. WILLIAMS.

[42 Pac. 511.]

PRACTICE—CRIMINAL CAUSES—AUTHORITY OF DISTRICT ATTORNEY AS TO CONDUCTING THE TRIAL.—In the trial of criminal causes, the district attorney is entitled to have the direction and control of all those matters which properly pertain to the position of the leading attorney in the cause, among which are arranging and putting in the testimony, and arranging the order of the argument, subject, of course, at all time to the statutory provisions and reasonable rules and regulations of the court and the directions and control of the judge thereof.

(Syllabus by the court.)

WRIT of error to District Court, Nez Perces County.

George M. Parsons and William H. Clagett, for Plaintiff in Error.

The district attorney has the right to accept the services of assistant counsel, on the trial of a criminal action. (*People v. Biles,* 2 Idaho, 103, 6 Pac. 120; *People v. Turcott,* 65 Cal. 126, 3 Pac. 461; *State v. Wells,* 54 Kan. 161, 37 Pac. 1007.) And the district court has no power under section 7855 of the Revised Statutes of Idaho, to order the district attorney to close the argument. (*State v. Hurst,* ante, p. 345, 39 Pac. 554.) The entire matter in controversy on this writ arises from a disputed construction of subdivision 5, section 7855 of our Revised Statutes. On the trial below it was contended by defendant in support of his motion to compel the district attorney to close the argument to the jury, that the word "may" at the close of said subdivision was to be taken as mandatory and not permissive, and that assistant counsel could only close such argument on special leave granted by the court under section 7856.

James W. Reid, for Defendant in Error.

Subdivision 5 of section 7855 of the Revised Statutes of Idaho reads as follows: "When the evidence is concluded, unless the case is submitted to the jury on either side, or on both sides, without argument, the district attorney, or other attorney for the people must open, and the district attorney may conclude the argument." Where persons or the public have an interest in having the act done by a public body, "may" in such a statute means "must." (*Hogsdorn v. Raux,* 72 N. Y. 585; *Ralston v. Crittendon.* 13 Fed. 512.) The defendant in this cause was indicted and tried before the Honorable W. G. Piper, judge, and jury, and acquitted. At the close of the evidence it appears that counsel for the defendant requested of the district attorney, Clay McNamee, Esq., that he state the order in which he, the district attorney, proposed to conduct the argument for the prosecution. In reply the district attorney stated that he proposed to open the argument to the jury, and the Honorable William H. Clagett, an attorney of record in said cause, and assisting the district at-

torney in the prosecution, should close it. Thereupon the defendant moved the court, by an order entered therein, to compel the district attorney to close the argument of said cause in person, which motion the said judge of the district court allowed, over the objection of counsel for the prosecution, and entered said order, to which ruling the said counsel for the prosecution then and there excepted. Upon the question of the legality of this order the cause is brought to this court on writ of error, and the entry of above order assigned for error.

MORGAN, C. J. (After Stating the Facts.)—Subdivision 5 of section 7855 of the Revised Statutes of Idaho, is as follows: "When the evidence is concluded, unless the case is submitted to the jury on either side or on both sides without argument, the district attorney or other counsel for the people, must open, and the district attorney may conclude the argument." There is no indication, either in this subdivision or in any other part of this section, that it was the intention of the legislature to compel the district attorney to close the argument of the case in person, and therefore there can be no reason whatever to construe the word "may" in the last clause to mean "must." In *People v. Biles,* 2 Idaho, 114, 6 Pac. 120, this court held that authority is given in the statute for the employment of private counsel, who may properly assist the district attorney in the prosecution of criminal causes. It also holds that the district attorney shall have the general management and control of all such cases: that is, he is entitled to have the direction and control of all those matters which properly pertain to the position of the leading attorney in a cause, among which are arranging and putting in the testimony, and arranging the order of the argument, subject, of course, at all times, to the statutory provisions, and the reasonable rules and regulations of the court, and the directions and control of the judge thereof. But there is no statute requiring the district attorney to close the argument of a criminal cause in person, when he may as well or better do so by the assistant counsel. The claim that assistant counsel, not having taken the same oath as the district attorney, may go out of his way, or out of the record, to attack the defendant or his witnesses, has no force whatever. The court has

abundant power to compel all attorneys to keep within the record, and within a proper line or argument. Allowing the argument to be closed by private counsel assisting the prosecution was approved also by this court in the case of *State v. Hurst*, ante, p. 345, 39 Pac. 556, wherein the court states that "this has always been the practice in this jurisdiction [that is, within the jurisdiction of the supreme court of the state], and there is nothing in the statute prohibitory of it." We are of the opinion, therefore, that the order in which counsel for the prose- cution shall address the jury should be left to the discretion of the district attorney, and that it was error in the court below to compel the district attorney to close the argument in person. This decision is not intended to, and does not, interfere in any manner with the power of the court in the exercise of a sound discretion, under section 7856 of the Revised Statutes of Idaho, to change the order of the trial laid down in section 7855.

Huston and Sullivan, JJ., concur.