## OWENS, SHERIFF, v. FRANK

Evidence — Privileged Communications — Secret Societies —
Presumptions on Appeal as to Materiality of Rejected
Testimony.

1.  A witness can not refuse to answer a material question in
relation to a material conversation on the ground that the
statements were made to the witness and received by him in
confidence as a Mason; as such communications are not privi-
leged under the statute, or at common law.

2.  However binding an obligation may be, as between mem-
bers of the same society, secret or otherwise, not to divulge
to others that which may be confidentially communicated to
them, such an obligation must be understood to be subject to
the laws of the country, and doubtless the societies recognize
such a limitation upon the obligation.   Hence the obligation
can not be said to be violated when the disclosure is compelled
in a court of justice in the course of the due administration
of the laws.

3.  If the testimony of a witness has been rejected upon the sole
ground of his incompetency, it will be presumed on ap-
peal that the testimony of such witness would have been
material without any statement to that effect in the record,
and without an offer having been made of what it was
expected to prove by him. (McGinness v. State, 4 Wyo.,
115, followed.)

4.  The testimony of a witness respecting a conversation be-
tween him and the party opposed to the party calling him,
having been erroneously excluded on the ground that the con-

versation was privileged, enough appearing to show that it related to a sale in controversy and a material fact connected therewith, it will be presumed on error that the testimony would have been material without any statement of what it was claimed would be elicited thereby.

[Decided June 1, 1898.]

ERROR to the District Court for Weston County. HON. JOSEPH L. STOTTS, Judge.

Action in replevin by Meyer Frank against John Owens, as sheriff of Weston County. Judgment was rendered for plaintiff and the defendant prosecuted error. The material facts are stated in the opinion.

*John R. Wilson,* for plaintiff in error.

Practically the only question involved in this appeal is whether or not a witness may refuse to answer a material question touching a material conversation, on the ground that it was a privileged communication, to wit: was told him as a Mason. Henry Leppla, a witness for plaintiff in error, was asked concerning a conversation had with defendant in error, in regard to the sale in controversy herein, and said witness stated that he had had such a conversation, but defendant in error was talking to him as a Mason, and the court ruled that the witness did not have to relate said conversation, to which ruling plaintiff in error excepted.

We have no authorities to submit to the effect that this ruling constituted reversible error, for the reason that we are unaware of any case where it was claimed that a witness being a Mason was privileged from testifying to what he was told by a Mason when such a conversation was material.

The Revised Statutes of Wyoming of 1887, Sec. 2589, provide as to privileged communications and acts, and Masons are not within the classes of persons therein exempted. If this privilege extends to the Masonic order, then why not to the Odd Fellows, Knights of Pythias, United Workmen, Modern Woodmen, and the

hundred and one other secret orders, and in time it might extend over the larger bodies known as political parties, and a witness might be heard to say that "he was told as a Democrat," and claim the privilege.

This conversation was of great importance and materiality to plaintiff in error, and beyond any possible doubt, the ruling of the court thereon is reversible error, and any argument we might make would be superfluous.

*R. H. Vosburgh*, for defendant in error.

It is not considered necessary to discuss the ruling of the court on the alleged error, for it is apparent, as shown by the record, that said supposed evidence was not material to the issue.

As for the questions that were propounded to Leppla, they in no way aid the court in arriving at a conclusion as to whether this statement alleged to have been made by Frank to Leppla was material; in fact give all the questions the most favorable answers they would suggest, and they fail to show any materiality. The first question referred to the sale by Douglas to Frank. Now it is contended on the part of defendant in error that he had a right to make this sale, and even if he had known at the time that Douglas was not able to pay all of his debts and that by means of said sale some of the creditors of Douglas would not be paid out of the proceeds, then the evidence would not be material, unless it was shown that Frank and Douglas conspired and colluded together for the purpose of defrauding such creditors; and there is nothing in any of the questions that are asked the witness Leppla that would call for an answer, showing that Frank at any time conspired or colluded with Douglas for the purpose of defrauding his creditors. We have no law in this State that precludes a person from preferring one creditor to another, and it's a right that all possess, to use all fair means to collect their debts, and the record shows that the sale was not tainted with any suspicious circumstance. It was made and the inventory taken in

broad daylight, while customers were coming in and going out as usual; the transaction was not closed up until the third day after the negotiations were commenced; the price paid was all that the goods were worth; the money was paid and applied in payment of his debts; the change of possession was continuous and unquestioned. It may be contended that defendant in error was not one of the creditors of Douglas at the time of the sale, which from a technical standpoint may be true, but the relations that Mr. Frank occupied with the bank, place him in the same position that he would have been if he had been a creditor. He made the purchase to secure the payment of the claim that Douglas was owing to the bank of which Mr. Frank was cashier and general manager.

It must be remembered that Mr. Leppla was the witness of the defendant below, and the presumption is that a lawyer, when he puts a witness on the witness stand, anticipates or contemplates what he will testify to, or at least knows something regarding the testimony the witness will relate. If he did not, a prudent lawyer would not put a witness on the stand; but from the drift of the questions asked by counsel to the witness Leppla, he does not infer that the witness had been told by Frank anything only as to the sale and Douglas' creditors and his financial condition. These were the only subjects inquired about. Is there anything that one would infer from these questions, that Frank had told Leppla that he had in any manner connived or colluded with Douglas to defraud his creditors?

It may be contended by plaintiff in error, that because the witness Leppla failed to give the conversation had with the defendant in error, it will be presumed that said conversation if it had been given would have been detrimental to defendant in error. This might have been the case if the plaintiff in error had not had the opportunity to present before the court, in the form of a statement of what he expected to prove by the witness on the stand, so much of the statement as he anticipated had been made

by defendant in error, as would be most beneficial to his side of the case; without such a statement the court is not to presume anything only what the record shows.

POTTER, CHIEF JUSTICE.

This was an action to recover possession of certain specific personal property, which the sheriff held under attachment sued out at the instance of certain creditors of one Robert S. Douglas, who had formerly been engaged in the mercantile business. Douglas had sold out his entire stock (including the attached property), fixtures, and accounts to the defendant in error, and thereafter the goods were attached as the property of Douglas, the sale being assailed, on the trial, as fraudulent and void, and as having been made to protect the debtor vendor. The cause was tried to the court, and judgment was rendered for the defendant in error, the plaintiff below, the findings being that he was the owner and entitled to the immediate possession of the property.

One assignment of error only is insisted on; viz, that the trial court erred in ruling that a certain witness produced by the plaintiff in error was not obliged to relate a conversation which had occurred between the witness and the defendant in error in reference to the sale by Douglas to him, the stock sold, and the financial condition of Douglas. After admitting that he had had a conversation of that character at about the time of the sale, the witness answered that he did not feel at liberty to relate it, for the reason that he received the communication in confidence as a Mason. The court asked him if the conversation was confidential, if it had been given and received in confidence, and if relating it would violate his obligation as a Mason, all of which questions were answered in the affirmative, and thereupon it was ruled that the witness would not be obliged to testify respecting it. Upon request of counsel who had offered the witness, the defendant in error in open court refused to release witness from his obligation not to divulge what had been said in the

course of the conversation. The ruling of the court was excepted to.

The error assigned involves the question whether a witness may refuse to answer a material question in relation to a material conversation on the ground that, having been given and received as a Mason, it is a privileged communication. The question at issue on the trial was whether, as against existing creditors of Douglas, his sale to Frank was fraudulent or not. The witness testified that in the conversation the financial condition of Douglas was discussed, and that he thought the matter of the sale was mentioned, athough he professed some lack of recollection as to the matters which entered into the conversation. Counsel for defendant in error does not discuss the question as to whether the conversation was privileged or not, nor does he cite any authority in support of the ruling of the court, but it is contended as there was no offer of proof, or statement of what fact the party producing him expected to prove by the witness, the error, if any, will not be regarded by this court, nor the conversation, whatever it may have been, assumed to have been material.

It is perfectly clear that at common law the conversation would not have been privileged. (1 Greenleaf on Ev., 15th ed., Secs. 236–248; Hoffman v. Smith, 1 Caines, 157, 159.) In the case cited the court said in the course of the opinion, "Nor was there any weight in the objection to the competency of Mr. Troup's testimony, his information being received in the character of a friend and not in that of counsel." In Greenleaf, at Sec. 248, the author says that the protection is not extended "to confidential friends, clerks, bankers, or stewards, except as to matters which the employer himself would not be obliged to disclose."

Neither does the statute include such a conversation among privileged communications, although the privilege is extended to certain communications which were not entitled to that protection at common law. Rev. Stat. 1887, Sec. 2589. The ruling of the court was therefore erroneous.

However binding an obligation may be, as between members of the same society, secret or otherwise, not to divulge to others that which may be confidentially communicated to them, such an obligation must be understood to be subject to the laws of the country, and doubtless the societies themselves recognize that such a limitation attaches to the obligation; and therefore it can not be said that the obligation is violated when the disclosure is compelled in a court of justice, in the course of the administration of the laws.

Should the error be disregarded in the absence of a statement showing what was expected to be proven by the witness? A similar question was decided by this court in the case of Mc Ginness v. State, 4 Wyo., 115, and the principle there announced seems applicable to the circumstances in this case. It was held in that case that if the testimony of a witness has been rejected upon the sole ground of his incompetency, it will be presumed that the testimony of such witness would have been material without any statement to that effect in the record, and without an offer having been made of what it was expected to prove by him. In that case the witness had been rejected by the trial court, on the ground that as a co-defendant in a criminal case he was incompetent. The reason underlying that rule is that the question in such case is whether the witness shall be heard at all, though his testimony be ever so relevant or important. In the case at bar the trial court did not regard as at all important whether the conversation was relevant or material, or whether in itself it would be competent upon any issue presented in the case, but the ruling was that, notwithstanding its materiality or competency, the witness would not be obliged to relate it. It is clear that no offer of proof could have affected the ruling or the court, or the reason which prompted it. It must therefore on the authority of Mc Ginness v. State supra, be presumed that the excluded testimony would have been material. The record, however, is not entirely silent respecting the character of the conversation, as understood by the party

attempting to establish it. In addition to the subject of it, which appeared by the testimony of the witness in question, Mr. Frank was asked on cross-examination if he had not stated to such witness, "You know Bob's condition," meaning Robert S. Douglas, "as well as I do, and something will have to be done," or words to that effect; and Mr. Frank, in answer thereto, testified that he had no recollection of anything of the kind.

On the ground, however, that the testimony was excluded solely for the reason that the conversation was privileged, and as enough appears to indicate that it referred to a sale which was in controversy, and the financial condition of the debtor making the sale, we think it must be presumed that it would have been material without any statement of what it was claimed would be elicited thereby. For the error in the ruling excluding the testimony the judgment must be reversed and a new trial ordered.

*Reversed.*

CORN and KNIGHT, JJ., concur.