(December 2, 1905.)

# STATE v. KNUDTSON.

[83 Pac. 226.]

CRIMINAL LAW—COMPETENCY OF CODEFENDANT AS WITNESS FOR STATE
—CORROBORATION OF ACCOMPLICE—SUFFICIENCY OF CORROBORATION.

1. One who has been jointly indicted with a defendant on trial, and has entered a plea of guilty, is a competent witness for the state on the trial of his codefendant.

2. An instruction as to the evidence necessary to corroborate the testimony of an accomplice which states the law on that question to the jury in as favorable light to the defendant as it is given in section 7871 of the Revised Statutes, is sufficient and not open to objection by the defendant.

3. Under the provision of section 7871 of the Revised Statutes, the corroboration of the evidence of an accomplice must be on some material fact or circumstance, and such that when standing alone and independent of the evidence of the accomplice tends to connect the defendant with the commission of the offense.

(Syllabus by the court.)

APPEAL from the District Court in and for Latah County. Honorable Edgar C. Steele, Judge.

Defendant John Knudtson was charged by information jointly with one Fred Hanning with the crime of arson. From a judgment of conviction and an order denying his motion for a new trial, defendant appealed. Affirmed.

The facts are stated in the opinion.

Stewart S. Denning, for Appellant.

One who has been jointly indicted with a defendant and has entered a plea of guilty is not a competent witness for the state on the trial of his codefendant. (Rev. Stats., secs. 7860-7862; 2 Hawk. P. C., c. 46, sec. 18; 1 Hale's P. C., p. 305; 3 Russell on Crimes, p. 596; 1 Greenleaf on Evidence, sec. 663; Bishop's New Criminal Procedure, secs. 1018-1026; McGinness v. State, 4 Wyo. 115, 31 Pac. 978; Benson v. United States, 146 U. S. 325, 36 L. ed. 991, 13 Sup. Ct. Rep. 60.) There must be corroborative evidence of the "advising

and encouraging,'' and we were entitled to an instruction from the court fully covering all those grounds. (1 Greenleaf on Evidence, sec. 381; *State v. Geddes,* 22 Mont. 68, 55 Pac. 919; *State v. Welch,* 22 Mont. 92, 55 Pac. 927; Roscoe's Criminal Evidence, 122; Wharton on Criminal Evidence, 442; *People v. Compton,* 123 Cal. 403, 56 Pac. 44; *People v. Irwin,* 77 Cal. 494, 20 Pac. 56; *Barkley v. Copeland,* 86 Cal. 483, 25 Pac. 1.) What we complained of was that on the twentieth day of December, and long after the fire, the county attorney insisted in going into a ''fishing excursion,'' the same as though he had been examining the defendant in supplemental proceedings, as to where he kept his money. All of this, we think, was error, as the matter was not material in the decision of the case, and was only done for the purpose of prejudicing the defendant before the jury. (*People v. McGungil,* 41 Cal. 431; *People v. Rozelle,* 78 Cal. 84, 20 Pac. 36; *People v. Dennis,* 39 Cal. 634; *People v. Russell,* 46 Cal. 121; *People v. Reinhart,* 39 Cal. 449; *People v. Johnson,* 57 Cal. 571; *People v. Beck,* 58 Cal. 212; *People v. O'Brien,* 66 Cal. 602, 6 Pac. 695.)

J. J. Guheen, Attorney General, Edwin Snow and F. S. Wettach, for the State.

One of the several persons jointly indicted, who has been convicted or who has pleaded guilty, is a competent witness for the prosecution. (12 Cyc. 451; *State v. Magone,* 32 Or. 206, 51 Pac. 452.) The instruction as to corroboration of accomplice's testimony is in almost the exact language of the statute. (Rev. Stats., sec. 7871.) It will be noted, too, that defendant's exception rather goes to what the court did not give or omitted to give, rather than to any error in the instruction itself. If counsel desired further instructions, he should have offered them and taken his exception to the court's rejection of them. Otherwise he cannot be heard to complain here. (*People v. Biles,* 2 Idaho, 114, 6 Pac. 120.)

AILSHIE, J.—The defendant and one Fred Hanning were charged jointly on information by the prosecuting attorney

with the crime of arson. Previous to the trial Hanning pleaded guilty, and at the trial of the defendant Knudtson the state called Hanning as a witness against this defendant. Defendant objected to Hanning testifying against him on the ground that Hanning had not been discharged from the information. Counsel for defendant placed his chief reliance upon the provisions of sections 7860, 7861 and 7862 of the Revised Statutes, which sections provide as follows:

"Sec. 7860. When two or more defendants are jointly indicted for a felony, any defendant requiring it must be tried separately. In other cases the defendants jointly indicted may be tried separately or jointly in the discretion of the court.

"Sec. 7861. When two or more persons are included in the same indictment, the court may, at any time before the defendants have gone into their defense, on the application of the district attorney, direct any defendant to be discharged from the indictment, that he may be a witness for the people.

"Sec. 7862. When two or more persons are included in the same indictment, and the court is of opinion that in regard to a particular defendant there is not sufficient evidence to put him on his defense, it must order him to be discharged from the indictment before the evidence is closed, that he may be a witness for his codefendants."

It may often happen that either the state or one of several defendants jointly indicted will want to place one of the defendants on the witness-stand, and the foregoing sections were evidently enacted for the purpose of enabling the court in its discretion to compel such a witness to testify. But in view of the requirements of section 8143, where it is enacted that "A defendant in a criminal action or proceeding to which he is a party is not, without his consent, a competent witness for or against himself," and the court would have no right to compel one of two or more defendants jointly indicted to testify either for the state or the defendant without first discharging him from the indictment or information. As soon, however, as one of the defendants has entered the plea of guilty, the requirements of the provisions of these

statutes as to such defendant are fully met, and the reason no longer exists for either the court to discharge him from the indictment, or for his refusing to testify. We have discovered no legal reason why a defendant who has entered the plea of guilty cannot thereafter, upon the trial of a codefendant, be required to testify either for the state or the defendant as the case may be; and neither the state nor the defendant on trial has any legal grounds for objection to a codefendant testifying under such circumstances. The supreme court of California, in *People v. Labra,* 5 Cal. 184, under statutes very similar to our own, held that when a codefendant elects to be tried separately, he becomes a competent witness for the other codefendant. The doctrine of *People v. Labra* was approved and followed in *People v. Newberry,* 20 Cal. 439. In *State v. Magone,* 32 Or. 206, 51 Pac. 452, several defendants were jointly indicted, and one of the defendants entered the plea of guilty. Thereafter, upon the trial of his codefendant, Magone, the state offered the defendant who had pleaded guilty as a witness against Magone, and the defendant objected and excepted. The supreme court of Oregon held that the witness was competent, and that his evidence was properly admitted against his codefendant. In *McGinness v. State,* 4 Wyo. 115, 31 Pac. 978, the supreme court of Wyoming held that "A codefendant who has been jointly indicted with defendant, and whose trial has been severed, is a competent witness for defendant as well as for the state"; and cite *People v. Labra, supra,* with approval. This question has frequently been before the courts, though many of the cases discussing the question have been in states having no statutes similar to ours. (See notes and citations in 12 Cyc. 452.)

Defendant's second assignment of error is that "The instructions given by the court which were excepted to at the time by the defendant in that the same were misleading, as they did not relate to the corroborative evidence which was necessary in aid to the defendant Hanning's testimony to support the *corpus delicti.*"

The instruction on the question of the necessity of evidence corroborating the testimony of an accomplice is in conformity with the provisions of section 7871 of the Revised Statutes, and while quite lengthy and going into considerable detail, is as favorable to the defendant as the law would authorize. Section 7871 provides: "A conviction cannot be had on the testimony of an accomplice, unless he is corroborated by other evidence which in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration is not sufficient, if it merely shows the commission of the offense, or the circumstances thereof." The authorities are not entirely harmonious as to the extent of the corroboration necessary in such cases under a statute similar to ours. While some authorities have held that such corroboration must be upon all the material facts, others have held that corroboration upon any one material fact would be sufficient. This question receives consideration by Mr. Underhill on Criminal Evidence at sections 73, 74 and 75, and after some discussion of the subject and citation of many authorities, he says: "But the corroborative evidence, whether consisting of acts or admissions, in itself and without that of the accomplice, must at least *tend to prove* the guilt of the accused by connecting him with the crime." It is clear to us that under the provisions of section 7871, *supra,* the corroboration must be upon some material fact or circumstance, and that standing alone and independent of the evidence of the accomplice it must tend to connect the defendant with the commission of the offense. This proposition is fully covered by the instruction of the court in the case at bar. If the defendant had any specific instructions upon the question of corroboration which he desired the court to give, it was his duty to have submitted such request to the court, and if the court refused to give the instruction, to then take his exception. (*State v. Biles,* 2 Idaho, 114, 6 Pac. 120.)

The third assignment of error is as to the court permitting the prosecuting attorney to cross-examine the defendant while on the stand in regard to where he kept his money after the

fire had occurred.    We find no error in the ruling of the court in this respect.

Lastly, it is urged that the evidence of the accomplice is not sufficiently corroborated by other and independent evidence to support the verdict.    It is unnecessary and can serve no useful purpose for us to recite the evidence in this opinion. We have examined it carefully and feel that it justified the jury in returning the verdict of guilty.    We find no error in the case.    The judgment is affirmed.

Stockslager, C. J., concurs.

Sullivan, J., sat at the hearing, but took no part in the decision.