(May 10, 1898.)

## STATE v. ST. CLAIR.

[53 Pac. 1.]

CRIMINAL LAW—CONTINUANCE OVER TERM.—Where an application for a continuance of the trial over the term is based upon the absence of witnesses, and the state offers to admit that if present the witnesses would testify as set forth in the affidavit upon which the application for a continuance is based, it is not error in the trial court to refuse the continuance. (*Territory v. Guthrie*, 2 Idaho, 398.)

SAME—CHANGE OF VENUE.—The granting of a change of venue in a criminal case is largely in the discretion of the trial court, and where such application is based solely upon the affidavit of the defendant, the action of the trial court in refusing a change of venue will not be interfered with.

SAME—INFORMATION—DESCRIBES DECEASED AS JOHN DOE.—Where the information for murder described the deceased as one John Doe, whose true name was unknown to the district attorney who filed the indictment, and on the trial it was proven that the name of the deceased was John L. Decker, there was no material variance. (Idaho Rev. Stats., sec. 7683.)

WHEN QUESTIONS WILL NOT BE CONSIDERED.—Where the record shows no evidence in the court below upon the question of the insanity of the defendant, this court will not entertain or consider that question.

(Syllabus by the court.)

APPEAL from District Court, Boise County.

L. E. Workman and Karl Paine, for Appellant.

The court erred in giving the following instruction: The court instructs the jury that although the information alleges that John Doe, whose true name to C. M. Hays, district attorney, was unknown at the filing of said information, was killed and murdered at the time and in the manner alleged in said information, yet if the evidence shows that the name of the deceased was John L. Decker, you will find, if the evidence warrants it, the defendant guilty of murder, of the said John Doe. If the name of the deceased is unknown to the grand jurors, it may be so alleged in the indictment. (2 Bishop's Criminal Procedure, 512 et seq.; 2 Hawkins' Pleas of the Crown, c. 23, sec.

78; *Reed v. State,* 16 Ark. 502; *Humbard v. State,* 21 Tex. App. 200, 17 S. W. 126; *State v. Cawan,* 18 Mo. 320; *Neiderluck v. State,* 21 Tex. App. 320, 17 S. W. 467; *Parchman v. State,* 2 Tex. App. 228, 28 Am. Rep. 435; 1 Wharton on Criminal Law, 57.)

R. E. McFarland, attorney general, and E. J. Dockery, for the State.

The defendant and his counsel made affidavits setting up their inability to secure certain material witnesses for the trial, and set forth at length what such witnesses would testify. The district attorney admitted that if the witnesses were present they would swear to the statements set forth in the affidavits. The court, accordingly and very properly, denied the application for a continuance. (Rev. Stats., sec. 4372; *Territory v. Guthrie,* 2 Idaho, 432, 17 Pac. 39.) Sections 7768 and 7769 of the Revised Statutes provide the manner of applying for a change of venue on account of popular excitement against the accused. (Rev. Stats., sec. 7770.) Under this latter section, a discretion is reposed in the trial court in the matter of granting or denying an application for a change of venue. (*People v. Mahoney,* 18 Cal. 181, 182; *People v. McAuley,* 1 Cal. 379, 383, 384; *People v. Graham,* 21 Cal. 261, 265; *People v. Congleton,* 44 Cal. 92, 94.) The name of the deceased was given as unknown in the information in this case, and counsel for appellant lay much stress upon the omission to prove his name as unknown, and on the refusal of the court to instruct the jury that such omission warranted an acquittal. The old common-law rule, which too often resulted in a failure of justice, has been modified by statute in this state in the matter of proof of the name of deceased. (Rev. Stats., sec. 7683; *People v. Potter,* 35 Cal. 110, 112, 113; *People v. Dick,* 37 Cal. 277; *People v. King,* 27 Cal. 510, 87 Am. Dec. 95.)

HUSTON, J.—The defendant was convicted of murder in the first degree, and sentenced to be hanged. From the judgment and sentence he appeals. Defendant assigns five errors, upon which he asks a reversal of the judgment of the district court:

First, in the denial of the defendant's application for a continuance of the trial over the term. Defendant's application was based solely upon his own affidavit, setting forth what he would prove by certain witnesses whom he named in said affidavit, and whose attendance he therein stated he was unable to procure at that time. The district attorney thereupon admitted that, if said witnesses were present, they would each and every one of them testify as set forth in defendant's affidavit; and thereupon the court overruled the defendant's motion for a continuance. We find no error in this action of the district court. The granting of a continuance of a trial is a matter of discretion with the trial court, and its action therein will not be disturbed, where the record shows no abuse of such discretion. (*Territory v. Guthrie,* 2 Idaho, 432, 17 Pac. 39.)

The second error assigned by defendant is as to the action of the district court in overruling the defendant's motion for a change of venue. Section 7770 of the Revised Statutes of Idaho, provides: "If the court is satisfied that the representation of the defendant is true, an order must be made for the removal of the action to the proper court of a county free from a like objection." In this case the application was based upon the affidavit of the defendant, unsupported and uncorroborated by other evidence. There was no error in refusing the application for a change of venue. The matter called for the exercise of judicial discretion on the part of the trial court, and we are satisfied that such discretion was properly exercised. (*People v. Graham,* 21 Cal. 261; *People v. Congleton,* 44 Cal. 92.

The third error assigned is in the refusal of the court to give certain instructions asked by defendant. These instructions are to the effect that the information having given the name of the victim of the homicide as John Doe, "whose true name is unknown to the district attorney," and the evidence having shown the name of deceased to have been John L. Decker, such variance was fatal to the finding of a verdict of guilty. This contention is not correct. Section 7683 of the Revised Statutes is as follows: "When an offense involves the commission of or an attempt to commit a private injury, and is described with suffi-

cient certainty in other respects to identify the act, an erroneous allegation as to the person injured, or intended to be injured is not material." The cases cited by defendant's counsel in support of his contention arose in states which do not appear to have any statute similar to our section 7683, and where the rule of the common law obtains. In California, from which state our statute was taken, it has been uniformly held that such a variance is immaterial. (*People v. Potter,* 35 Cal. 110; *People v. Dick,* 37 Cal. 277; *People v. King,* 27 Cal. 507, 87 Am. Dec. 95.)

The fourth assignment of error involves the question considered in the third assignment.

The fifth assignment of error claims, in substance, that it is justly and fairly inferable from the acts of the defendant subsequent to the homicide that he was insane. The record does not show any direct evidence upon the question of the insanity of the defendant. In fact, that matter does not appear to have been alluded to, except by the witness Dr. Beers, who visited the defendant after his arrest, and after he had been on a debauch for several days, between the time of the committing of the homicide and the time of his arrest, who states that when he saw the defendant, at the time stated, he appeared to be "a mental, physical wreck." For the court to infer from this statement of a single witness that the defendant, at the time he committed the atrocious crime detailed in the record in this case, was in such a mental condition as to relieve him from criminal responsibility, would be enlarging the beneficence of the law to an extent which would render the promotion of justice in the administration of the law an unknown quantity. Chapter 6, title 10, of the Revised Statutes, provides the manner in which the issue of the insanity of a defendant indicted for crime shall be tried, and this statute does not seem to have been invoked, or attempted to be; and yet the court, out of the abundance of its charity, and its recognition of the rule *in favorem vite,* gave this instruction to the jury: "If you find that the defendant, at the time of committing the crime charged, was so mentally afflicted as to be unable to comprehend the import and consequence of his own acts, and could not at such time

distinguish between right and wrong, and, further, if you find that mental condition was not caused by defendant himself for the purpose of committing a crime, and relieving himself of the consequences of his unlawful act, you should acquit him."

A careful and thorough inspection of the record fails to disclose any error to the prejudice of the defendant. The judgment of the district court is affirmed, and the cause remanded for further proceedings according to law.

Sullivan, C. J., and Quarles, J., concur.