(November 25, 1919.)

## STATE, Respondent, v. P. A. WHISLER, Appellant.

[185 Pac. 845.]

CRIMINAL LAW—APPEAL AND ERROR—CHANGE OF VENUE—EVIDENCE—CORROBORATION OF ACCOMPLICE.

1. *Held* by a majority of the members of the court that, in order to procure a review of the ruling of a trial judge denying a motion for a change of venue, an exception thereto must be saved in the record and presented to this court by bill of exceptions prepared and settled in conformity to C. S., sec. 9010.

2. Evidence of a material fact which, independent of the testimony of an accomplice, tends to connect the defendant with the commission of the offense charged is sufficient to satisfy the requirements of C. S., sec. 8957.

APPEAL from the District Court of the Seventh Judicial District, for Washington County. Hon. Isaac F. Smith, Judge.

Appellant was convicted of arson in the second degree. *Affirmed.*

Frank D. Ryan and Hawley & Hawley, for Appellant.

The testimony of J. W. Bullis, a witness for the prosecution, and admitted to be an accomplice in the crime with which the defendant was charged, was not corroborated by other evidence, so as to entitle it to be considered as sufficient to base a conviction upon, and for that reason the jury should have been advised to acquit the defendant. (Sec. 7871, Rev. Codes of Idaho; *Commonwealth v. Holmes,* 127 Mass. 424, 34 Am. Rep. 391; 5 Corpus Juris, 583; 20 R. C. L. 771; *State v. Knudtson,* 11 Ida. 524, 83 Pac. 226; *State v. Grant,* 26 Ida. 189, 140 Pac. 959; *State v. Smith,* 30 Ida. 337, 164 Pac. 519; *State v. Bond,* 12 Ida. 424, 86 Pac. 43; *People v. Morton,* 139 Cal. 719, 73 Pac. 609.)

The testimony of the witness, Ruth Bullis, could not be properly considered as corroborating evidence, because said wit-

ness was herself an accomplice, under the law, in the crime charged against appellant. (*People v. Creegan*, 121 Cal. 554, 53 Pac. 1082; *United States v. Hinz*, 35 Fed. 272.)

Roy L. Black, Attorney General, A. F. Stone and Clarence S. Hill, Assts., for Respondent.

In order to present the action of the trial court in overruling a motion for a change of venue, the same must be preserved and presented to this court by a bill of exceptions. (*State v. Maguire*, 31 Ida. 24, 169 Pac. 175; *State v. Ray*, 32 Ida. 363, 182 Pac. 857; *State v. Crawford*, 32 Ida. 165, 179 Pac. 511.)

The testimony of Mrs. Bullis, as contained in the record, is sufficient corroboration of the evidence of J. W. Bullis upon which to sustain the conviction in this case. (*State v. Smith*, 30 Ida. 337, 164 Pac. 519; *State v. Grant*, 26 Ida. 189, 140 Pac. 959.)

The wife of an accomplice is not an accomplice. In order to be an accomplice one must be connected with the crime charged against defendant. (16 C. J. 672.)

MORGAN, C. J.—Appellant moved for a change of venue on the ground that bias and prejudice existed against him in the minds of the people of Washington county, where the action was pending, to such an extent as to prevent him from having a fair and an impartial trial by a jury selected therein. Many affidavits were filed in support of and in opposition to the motion and, upon consideration of the showing so made, it was denied. That ruling is assigned as error.

While the transcript contains copies of the affidavits above mentioned, of the court minutes with respect to the motion and of the order denying it, an exception to the ruling does not appear to have been taken, as provided by C. S., sec. 9009, nor does the transcript contain a bill of exceptions prepared and settled in conformity to sec. 9010. Justices Rice and Budge are of opinion the action of the trial court in denying a change of venue is not properly before us for review and have declined to consider the assignment of error

by which appellant seeks to present it. (*State v. Maguire,* 31 Ida. 24, 169 Pac. 175; *State v. Ray, ante,* p. 363, 182 Pac. 857.)

I have felt myself impelled to read the affidavits and the order and to try to apply the law thereto. (United States Constitution, Sixth Amendment; Idaho Constitution, art. 1, secs. 7 and 18.)

The affidavits filed in support of the motion are to the effect that public opinion and sentiment were such that appellant could not safely go to trial by a jury composed of citizens of Washington county. Those who made sworn statements in opposition thereto expressed the opinion, based upon their knowledge of existing conditions, that no such bias or prejudice existed as to prevent or interfere with him having a fair and impartial trial in that county. (*State v. St. Clair,* 6 Ida. 109, 53 Pac. 1; *State v. Gilbert,* 8 Ida. 346, 1 Ann. Cas. 280, 69 Pac. 62; *State v. Rooke,* 10 Ida. 388, 79 Pac. 82.) After a careful examination of the affidavits and of the law governing this question my conclusion is the order complained of did not constitute an abuse of discretion and was not error.

The evidence shows that the building which appellant was convicted of burning was leased and occupied by him as a confectionery shop and store some time prior to and until about October 20, 1917; that on or about that date a contract was entered into whereby he delivered possession of the building and business to his son-in-law, one Bullis, upon the expressed consideration of $4,500, to be paid in monthly instalments of $200 each, and whereby the insurance, which was $4,300, was, in the event of a loss, to be paid to appellant as his interest might appear; that on December 24, 1917, Bullis set fire to the building and partially destroyed it. He testified the sale of the business was but a pretense, and that appellant hired him to conduct the business and arranged with and procured him to burn the building so that he (appellant) might collect the insurance on the contents.

Appellant insists that the testimony of Bullis is not corroborated and that, therefore, the evidence is not sufficient

to sustain the conviction. He relies on C. S., sec. 8957, which is as follows: "A conviction cannot be had on the testimony of an accomplice, unless he is corroborated by other evidence, which in itself and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration is not sufficient, if it merely shows the commission of the offense, or the circumstances thereof."

Bullis testified that a few days after the fire appellant, who was then living in Portland, Oregon, came to Weiser, where the crime had been committed; that he met him at the train and, after looking over the burned building, they went to the house where he (Bullis) lived; that they there had a conversation, in the presence of the wife of the witness, wherein appellant complained that he had not followed his instructions in the matter of burning the property. Bullis' wife testified to having heard portions of that conversation; that she heard appellant say, " 'You should have set the fire before you did,' and 'If it all burned no one would have been the wiser or suspicioned.' " She also testified to a statement by appellant to the effect that if Bullis had followed his advice there would not have been any suspicion.

Bullis testified that after the fire he prepared a paper purporting to assign to appellant $1,000, which had been placed on deposit in a bank in El Paso, Texas, to the credit of his wife under an arrangement whereby it could not be paid to her until she became of age; that he and his wife signed the paper and he delivered it to appellant so the latter might show it, should occasion require, and might represent that it had been given at the time the business was transferred and was the first payment on the purchase price thereof; that thereafter the paper was delivered back by appellant and was destroyed. Mrs. Bullis also testified to the facts last above mentioned.

There is, in addition to the testimony of Mrs. Bullis, the corroborating circumstance, which it was the duty of the jury to consider and weigh in connection therewith, that ap-

pellant was the person to whom the insurance was payable in the event of a loss.

The evidence corroborating the accomplice is sufficient to conform to the requirements of C. S., sec. 8957, and the judgment appealed from is affirmed.

Rice, J., concurs.

BUDGE, J., Dissenting.—Upon the trial of appellant, Bullis, who had entered a plea of guilty to an information charging him with arson in the setting on fire of the building described in the majority opinion, was called as a witness and among other things testified that he set the fire by appellant's directions.

It must be conceded that the conviction of appellant cannot be sustained upon the testimony of Bullis alone, nor unless such testimony be corroborated by other evidence, which, standing alone and independently and without the aid of the testimony of Bullis, tends to connect appellant with the commission of the crime.

The question, therefore, to be determined is: Does the testimony of Mrs. Bullis, whom the state called as a witness, tend to connect the defendant with the commission of the offense, or is the testimony of Mrs. Bullis of such a character that it can be considered as any corroborating evidence within the meaning of C. S., sec. 8957?

The important part of her testimony and that which bears upon the question involved here is, briefly, as follows: That during the evening of the night upon which the building burned, she and Bullis attended a picture show, returning to their place of business after the show was out; that Bullis went into the building, thereafter they returned home, and just before midnight he informed her that the building was about to burn; that a few days after the fire appellant came to Weiser and to their home, where a conversation was had between appellant and Bullis, which lasted over an hour, and she overheard portions of that conversation but does not pretend to testify to the exact language used. She does,

however, testify that appellant in substance said: "That he [meaning Bullis] should have set the fire before he did," and "If it all burned up nobody would have been the wiser." She further testified in part, upon cross-examination, as follows:

"Q. And you cannot go any further and give the exact language and the answer?

"A. No, sir, he said, 'You should have set the fire before you did, and if it all burned no one would have been the wiser or suspicioned.' . . . .

"Q. Do you remember anything further or your husband's part of the conversation?

"A. No, only 'If he had followed his example there would not have been any suspicion.'

"Q. Was it example or advice he said?

"A. Advice.

"Q. Did he not say example then?

"A. No.

"Q. Why did you say it was example then?

"A. It was the first thing come to my mind.

"Q. And you said the first thing you thought of?

"A. Yes."

My understanding is that this, together with the fact that appellant is the beneficiary to the extent his interest may appear in the proceeds of the fire insurance policy, is all of the material evidence relied upon by the state to corroborate the testimony of Bullis under the provisions of sec. 8957, *supra.*

The latter fact standing alone is clearly of no value as corroborating evidence. The naming of the vendor as beneficiary in a policy of insurance to further secure the purchase price of goods which he has sold is a perfectly legitimate transaction and such a common and every-day occurrence that it is of no value as testimony offered as corroboration under this section.

The alleged statement by appellant, "You should have set the fire before you did," and "If it all burned no one would have been the wiser or suspicioned," reprehensible as it was, cannot be said to be other than evil advice. It was a state-

ment made after the crime was committed, not in furtherance of its commission, and does not tend to connect the appellant with the commission of the crime.

I come now to a consideration of that portion of the testimony of Mrs. Bullis in which she says that appellant said to Bullis, "If he [meaning Bullis] had followed his example [or advice] there would not have been any suspicion." The conviction must be sustained, if at all, upon this portion of the testimony of Mrs. Bullis.

The conversation between Bullis and appellant extended over a period of more than one hour, yet the foregoing testimony is all of the conversation that the witness remembers, and even that she does not pretend to give accurately. Whether the advice, if given, was given before the fire in furtherance of a plan to burn the property, or whether it was given after the fire in furtherance of a plan to avoid detection, does not appear from the evidence. In other words, the testimony of Mrs. Bullis does not affirmatively tend to show that appellant was connected with the commission of the crime.

I am not prepared to say that if this character of evidence is held sufficient, and the conviction is allowed to stand, that the principle underlying the provisions of sec. 8957, *supra,* would not be violated. This evidence creates at most but a suspicion, which does not constitute corroborative evidence and is not sufficient to support a judgment of conviction.

In my opinion the judgment in this case should be reversed for the reasons above stated.

Petition for rehearing denied.