403 P.2d 745

**STATE of Idaho, Plaintiff-Appellant,**

**v.**

**Jacob McGONIGAL, Defendant-Respondent.**

**No. 9629.**

Supreme Court of Idaho.

July 15, 1965.

**178**

Allan G. Shepard, Atty. Gen., and Thomas G. Nelson, Deputy Atty. Gen., Boise, Dean Williams, Prosecuting Atty., Blackfoot, for appellant.

1. "19-3002. Husband and wife as witnesses.—Neither husband nor wife are competent witnesses for or against each other in a criminal action or proceeding to which one or both are parties, except:

J. Blaine Anderson, Blackfoot, for respondent.

McFADDEN, Justice.

By information defendant Jacob McGonigal was charged with the crime of lewd conduct with a minor female. I.C. § 18–6607. During the course of his trial the State called his wife as a witness to testify against him. Defendant immediately objected to her testimony on the ground that she was disqualified as a witness by reason of I.C. § 19–3002,[1] which objection was sustained. The State made an offer of proof as to what she would have testified. The offered proof was rejected.

At the close of the State's case, pursuant to I.C. § 19–2123 defendant moved for an advisory instruction of acquittal on the ground that the State had failed to present the requisite proof in corroboration of the testimony of the prosecutrix. The trial court gave such an advisory instruction and the jury returned its verdict of acquittal. The State perfected this appeal under

1. With the consent of both, or
2. In cases of criminal violence upon one by the other; or
3. In cases of desertion or nonsupport of wife or child by the husband."

the provisions of I.C. § 19–2804(5). By this appeal the State is seeking an interpretation of the provisions of I.C. § 9–203, as amended by S.L.1963, Ch. 104.

The provisions of I.C. § 9–203 which were amended by S.L.1963, Ch. 104, directly involved herein are as follows: (The italicized portion is the 1963 amendment to the original section.)

"There are particular relations in which it is the policy of the law to encourage confidence and to preserve it inviolate; therefore, a person can not be examined as a witness in the following cases:

"1. A husband can not be examined for or against his wife, without her consent, nor a wife for or against her husband, without his consent; nor can either, during the marriage or afterwards, be, without the consent of the other, examined as to any communication made by one to the other during the marriage; but this exception does not apply to a civil action or proceeding by one against the other nor to a criminal action or proceeding for a crime committed by violence of one against the person of the other, *nor does this exception apply to any case of physical injury to a child where the injury has been caused as a result of physical abuse or neglect by one or both of the parents.*

"2. * * *"

The State takes the position that this amendment should be considered in light of the 1961 opinion of this court in the case of State v. Riley, 83 Idaho 346, 362 P.2d 1075. In that case this court held that under I.C. § 9–203 and I.C. § 19–3002, it was error to permit a wife to testify over the husband's objection in a criminal action where the husband was charged with lewd conduct involving the 10-year old daughter of the wife. It is the State's contention that the 1963 amendment of I.C. § 9–203 was enacted to abrogate the holding of State v. Riley, and to permit testimony of one spouse against another concerning abuse or injury to a child. The State further contends that in the instant case there was an injury by the defendant to his minor child, and hence the trial court was in error on its rulings excluding the testimony of the defendant's wife, the mother of the child.

We do not agree with the State's position in this regard. I.C. § 9–203 was first adopted by the territorial legislature of 1881 as § 899 of the Code of Civil Procedure as a part of Chapter LVI, "Witnesses." It was reenacted in 1887, Revised Statutes of Idaho, as § 5958 and included in Chapter 11 of Part IV of the Code of Civil Procedure. I.C. § 19–3002 (see footnote I) was enacted in 1887 as a part of the section on Criminal Procedure, § 8142. It was amended by im-

plication by S.L.1915, Ch. 83, p. 201 (see footnote to § 9130, Idaho Compiled Statutes 1919), and as so amended recodified in the Compiled Statutes of 1919 as § 9130, to its present form.

I.C. § 19–3001, which provides:

"The rules for determining the competency of witnesses in civil actions are applicable also to criminal actions and proceedings, except as otherwise provided in this code."

was also enacted in 1887 as § 8141 of the Penal Code and the reference therein to "this code" has reference to the Penal Code as enacted at that session, the Revised Statutes of Idaho of 1887 being divided into four parts, i. e., Political Code, Civil Code, Code of Civil Procedure, and the Penal Code.

Thus the reference in I.C. § 19–3001, to "this code" likewise has reference to the provisions of the criminal law and procedure.

■ By reason of the limitation of I.C. § 19–3001, only those rules for determining the competency of witnesses in civil actions that are not in conflict with the rules as set out in the sections of Idaho Code dealing with criminal procedure would govern in a criminal proceeding. If there is a conflict between provisions dealing with the competency of witnesses to testify in civil cases with the provisions of the code regarding criminal procedure setting out the qualifications of witnesses to testify in criminal actions, of necessity the provisions of the code dealing with criminal procedure will govern.

■ The legislature in 1963 did not amend I.C. § 19–3002. It would be illogical to hold there was an amendment by implication of such section by the amendment of I.C. § 9–203, for I.C. § 19–3002 pertains to witnesses in criminal actions while I.C. § 9–203 pertains to witnesses in civil actions. Further emphasis is given this conclusion from the fact that S.L.1963, Ch. 104, amended I.C. § 9–203 to allow a husband or wife to testify in "[A]ny case of physical injury to a child where the injury has been caused as a result of physical abuse or neglect by one or both of the parents", but it also amended subsection 4 of I.C. § 9–203 allowing a physician to report and testify in cases involving injury to children. At the same session of the legislature, the "Child Protective Act" was adopted, S.L. 1963, Ch. 322. Section 18 thereof also deals with the right of physicians and hospital personnel and parents to testify in judicial proceedings provided in that act.

■ The trial court did not err in the respects contended by this appeal. Orders affirmed.

McQUADE, C. J., and TAYLOR, SMITH and KNUDSON, JJ., concur.