[No. 40005. Department Two. December 13, 1968.]

THE STATE OF WASHINGTON, *Respondent*, v. PATRICK T. REDMOND, *Appellant*.*

*Warren Hardy*, for appellant (appointed counsel for appeal).

*Reported in 448 P.2d 938.

*Charles O. Carroll* and *Donald D. Skinner,* for respondent.

POYHONEN, J.†—Appellant, Patrick T. Redmond, appeals from a conviction of robbery. Trial was to a jury.

Appellant's sole assignment of error is that the trial court erred in denying the appellant's motion to suppress the identification of the appellant by the witness, Virginia Rohn, the hold-up victim.

On June 20, 1967, Virginia Rohn was the owner and operator of a beverage store at 74th and Greenwood in Seattle. Her testimony is that about 10:50 p.m. on that date she was alone in the store and that:

A. Well, this fellow came in and walked over to kind of the center of the room, looking around, and I said, "What were you looking for?" He said, "Do you have  . . ." And he said some kind of mix that I never heard of before.

I said, "No, I don't have anything like that, never heard of it before." He said, "Well, maybe your husband could get it," and I said, "I don't have a husband." He said, "Or your son," and I said, "Oh, he's busy," or something to that effect.

Then he walked over and stood over halfway between the counter and going out in line with the door, and I said, "Maybe that's something you find on the East Coast." I said, "If you're from the East, they have things back there that we never even hear of out here." And I said, "Will you spell it for me," I said, "and I'll see if I can get it."

I took something and was looking down and starting to write the first couple of letters, and he walked over to the counter and he said, "Oh, never mind that," he said, "this is a holdup," or stickup, I don't know which word he used, but something to that effect. I glanced up from my writing and here was this gun pointed over the counter at me. I don't know whether he had it in his pocket, but most of it was concealed, except the front part of it.

---

†Judge Poyhonen is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

She further testified that during most of this period of time he was about 6 feet from her; that at his command she took money from the till, placed it in a paper bag, which he took and then left the store; that immediately thereafter she called the police; that he was not masked, and that she was able to see his face, observe his complexion, color of his hair, and gain an impression as to his approximate height and weight, but that she does not remember how he was dressed.

Five days later, on June 25, 1967, Virginia Rohn identified the appellant in a police lineup of five men as the one who had robbed her. Eighteen days later she again identified him at a hearing held in a justice court setting.

The appellant filed a pretrial motion to suppress the eye-witness identification by Virginia Rohn for the reason that appellant had been denied the right to have his lawyer present during the police lineup. *United States v. Wade,* 388 U.S. 218, 18 L. Ed. 2d 1149, 87 Sup. Ct. 1926 (1967); *Gilbert v. California,* 388 U.S. 263, 18 L. Ed. 2d 1178, 87 Sup. Ct. 1951 (1967); *Stovall v. Denno,* 388 U.S. 293, 18 L. Ed. 2d 1199, 87 Sup. Ct. 1967 (1967).

The trial judge held a full day's preliminary hearing to determine whether the identification by Virginia Rohn was admissible in evidence. After the hearing, the trial court: (1) suppressed the identification of the appellant resulting from the lineup and ruled out any testimony regarding Virginia Rohn's identification of the appellant in the lineup; and (2) made a finding that Virginia Rohn was able to make an untainted in-court identification.

■ *United States v. Wade, supra,* holds that the Sixth Amendment guaranty of the assistance of counsel to a defendant extends to police lineups and that a subsequent in-court identification by a witness who was present at the lineup is inadmissible unless the prosecution can show by clear and convincing evidence that the in-court identification has an independent source uninfluenced by the lineup. The court at 240, stated:

We do not think this disposition can be justified without first giving the Government the opportunity to establish

by clear and convincing evidence that the in-court identifications were based upon observations of the suspect other than the lineup identification.

That the trial judge fully understood and applied the rule of the *Wade* case is readily apparent from his oral decision at the conclusion of the pretrial hearing. We quote in part:

Now the problem is to determine the application of the *Wade* case and the two companion cases to this particular situation. There are some rather significant differences, but I am going to give Mr. Redmond the benefit of the doubt and apply the rules announced by these cases to this situation. I will accordingly hold that because he was not afforded the opportunity to contact counsel in connection with the lineup, that it voids that particular part of the procedure.

The inquiry, then, is whether or not that is fatal to the testimony of Virginia Rohn, or whether the taint of the lineup does not reach her. The Supreme Court spoke, in concluding *Wade,* as follows:

"We think it follows that the proper test to be applied in these situations is that quoted in Wong Sun v. United States, 371 U. S. 471, . . . 'Whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.' "

Dr. Canon, the psychologist, testified that in his opinion that would not be possible. I have reached a contrary conclusion, based upon my analysis of the testimony of Virginia Rohn, the testimony of the other witnesses concerning her conduct and actions, and my own observation of her.

I am satisfied, and find the fact to be, that her identification of the defendant has been positive and certain from the beginning, and that her identification of Mr. Redmond here in court is the result of her original observation of the defendant, and that it is neither influenced by nor affected by, nor in any way tainted by the things that took place at the lineup.

She had a good opportunity, at the time of the robbery, to observe the individual who was in the store on that

occasion. He was there for some five minutes before the robbery itself took place. There was an exchange of words between them, several minutes of conversation, with the result that she had ample opportunity to observe the gentleman who was in the store.

At that time, to be sure, she did not anticipate a robbery, but one immediately took place and she was threatened with a gun. An experience of that kind would be very apt to indelibly implant upon her mind and memory, the vision of the man with whom she had just been in conversation. And it is easy to understand why she would be able to identify that man in Justice Court within a few weeks, and even in this court in a few months.

She herself testifies directly and positively that she can make the identification apart from her experience in the lineup, and I am satisfied that this is the case.

■ The record before us of the hearing on the pretrial motion to suppress establishes that there was substantial evidence that Virginia Rohn was able to make an in-court identification of the appellant independently of the police lineup and entirely untainted by it. Where, as here, it is clear that the trial court weighed the conflicting evidence before it and where there is substantial supporting evidence, the trial court's findings will not be disturbed on appeal. We have examined the record in accordance with our duty as set forth in *State v. Hoffman,* 64 Wn.2d 445, 392 P.2d 237 (1964) and find ample evidence to support the findings of the trial court. *See State v. Burgess,* 71 Wn.2d 617, 430 P.2d 185 (1967).

■ Ordinarily we would not have considered this case on its merits for the reason that trial counsel (not the counsel on appeal) failed to except to the trial court's findings of fact on the pretrial hearing and failed to challenge the sufficiency of the evidence and to move for a dismissal or a directed verdict of "not guilty" at the close of the state's case. However, we have deemed it proper to consider the assignment of error on its merits since it invites an inquiry into whether the appellant was accorded a consti-

tutionally fair trial. *See State v. Peterson,* 73 Wn.2d 303, 438 P.2d 183 (1968) and cases therein cited.

Judgment affirmed.

FINLEY, C. J., HILL, HUNTER, and HAMILTON, JJ., concur.

February 19, 1969. Petition for rehearing denied.

\*Reported in 448 P.2d 934.