449 P.2d 614

**The STATE of Arizona, Appellee,**

v.

**Joseph A. REYNOLDS and Perl Albert Zuck, Appellants.**

**No. 1840.**

Supreme Court of Arizona.

In Division.

Jan. 16, 1969.

Rehearing Denied Feb. 18, 1969.

Gary K. Nelson, Atty. Gen., Darrell F. Smith, former Atty. Gen., by Carl Waag and Joseph E. Clifford, III, Asst. Attys. Gen., for appellee.

Ralph E. Seefeldt, Tucson, for appellant.

UDALL, Chief Justice:

Appellants were convicted of robbery and unlawful wearing of a mask. They bring this appeal from those convictions.

Appellants contend that the trial court erred in allowing certain admissions and statements of appellants into evidence; that the court unduly restricted appellants' right to cross-examine a state's witness; and that the court erred in not submitting

**150**

a proper instruction on circumstantial evidence.

■ Appellant Zuck signed a statement admitting commission of the crimes charged in the information. The trial court conducted a hearing without the jury to determine whether the statement was made voluntarily after appellant Zuck was properly apprized of his constitutional rights. Several witnesses testified that appellant was properly given the Miranda warning and he personally acknowledged in his statement that he was aware of his rights. The trial court found the statement to have been made voluntarily and properly admitted it into evidence at trial.

An accomplice of appellants, Charles Wylie, was called by the state to testify. He testified as to details of the crime indicating the part played by appellants. In cross-examination by counsel for appellants the following ensued:

"Q. You were arrested for a robbery?

"A. Yes, sir.

"Q. Have you ever entered a plea in the robbery case?

"Mr. Crismon: I will object. Again this is—

"The Court: The objection will be sustained. What is the materiality of this, Mr. Minker?

"Mr. Minker: I would like to show that the witness was coerced and made promises for his testimony today.

"The Court: The objection will be sustained.

"Mr. Crismon: He can ask him if he has been promised.

"The Court: Proceed.

"Q. In regard to this robbery, and any charges that came out of it, have you subsequent to the time you were arrested, relating to this incident, pled guilty to a different charge?

"A. Yes, sir.

"Q. What was that?

"Mr. Crismon: Same objection.

"The Court: I can't see the materiality of it. The objection will be sustained.

"Mr. Minker: I have no further questions."

■ We adopted the following rule in State v. Little, 87 Ariz. 295, 350 P.2d 756, 86 A.L.R.2d 1120 (1960):

" 'The rule allowing great or liberal latitude in the cross-examination by defendant of a witness for the prosecution, with respect to his motive for testifying, is especially applicable where such witness is a codefendant or accomplice of the accused, or is charged with or threatened with criminal prosecution for an alleged offense not connected with that with which the person against whom he testifies is charged, and whose testimony against defendant may be influenced by a promise of, or hope or expectation of, immunity or leniency with respect to his case as a consideration for testifying against defendant.' "

See also State v. Torres, 97 Ariz. 364, 400 P.2d 843 (1965); State v. Holden, 88 Ariz. 43, 352 P.2d 705 (1960).

■ Appellants were not given a proper opportunity to develop fully the possible motives for Wylie's adverse testimony. We hold that this was reversible error.

■ Appellants' third assignment of error concerns an instruction on circumstantial evidence. The jury was instructed that the law makes no distinction between circumstantial and direct evidence as to the degree of proof required for a conviction. The instruction is contrary to the law of this state. We are committed to the rule that to warrant a conviction it is necessary that the circumstantial evidence offered should not only be consistent with guilt but inconsistent with every reasonable hypothesis of innocence. State v. Tigue, 95 Ariz. 45, 386 P.2d 402 (1963). A special instruction on circumstantial evidence is necessary only where there is no direct evidence. State v. Wood, 7 Ariz.App. 22, 435 P.2d 857 (1967). Because we are reversing this matter on other grounds it is not

necessary to determine the effect of the erroneous instruction.

Reversed and remanded for new trial.

STRUCKMEYER and McFARLAND, JJ., concur.