483 P.2d 53

**The STATE of Arizona, Appellee,**

v.

**Theodore NICHOLS, Appellant.**

**No. 2 CA–CR 228.**

Court of Appeals of Arizona,
Division 2.

March 31, 1971.

Opinion Vacated June 22, 1971.

See 485 P.2d 849.

Gary K. Nelson, Atty. Gen., Phoenix by John S. O'Dowd, Asst. Atty. Gen., Tucson, for appellee.

John F. Corcoran, Tucson, for appellant.

KRUCKER, Chief Judge.

Appellant, Theodore Nichols, was convicted by a jury of the crime of burglary and sentenced to a term of not less than two nor more than five years in the Arizona State Prison on February 19, 1970. A appeal is taken from that denial and from the judgment of guilt.

Five questions are raised, but since we find that reversal is required under one, we will not discuss the others.

About 9:00 a. m. on November 12, 1969, the defendant was found inside a commercial junkyard or storage yard. He apparently had been on an all-night drinking spree and, according to his story, entered the yard by climbing over material stacked against the fence. He apparently was go-

ing there for the purpose of sleeping in one of the open sheds. He was approached by a woman who mistakenly thought he was an employee. She was trying to find a part for a washing machine. Nichols told her to come back in an hour; he then apparently left the yard, looked in other places for a part and returned to the yard where he again met the woman and advised her that he was unable to find the part. He asked her to return in another hour and he would, in the meantime, see if he could find the part. At this juncture, the owner of the yard, seeing Nichols talking to the woman, advised her that he was not an employee and then called the police. The defendant again left the yard and went to a nearby bar, where the police picked him up and charged him with burglary.

There was no evidence that the defendant took anything from the yard; he did not flee the premises; and he did not conceal himself when advised that the owner was going to call the police, but merely went to a nearby bar where he was apprehended. It was also brought out that the defendant had, on previous occasions, with or without some of his associates, slept in the yard.

We have examined the record for fundamental error, and, in connection with the instruction given on circumstantial evidence, we agree with counsel for defendant that the court erred on the instruction as given. It is now true under the holding in State v. Harvill, 106 Ariz. 386, 476 P.2d 841 (1970), wherein the Arizona Supreme Court held that there is no distinction between circumstantial and direct evidence and that they are intrinsically similar and that a proper instruction on "reasonable doubt" applies to all kinds of evidence,[1] that a circumstantial evidence instruction

is no longer necessary. We believe that the instruction given in the instant case was erroneous and misleading. The trial court stated that it would give Maricopa County Uniform Jury Instruction No. 207 (Revised) (circumstantial evidence instruction), but as shown by the transcript, the instruction was misread, misgiven or erroneously transcribed. The Uniform Instruction reads:

> "In order to sustain a conviction on circumstantial evidence, the circumstances proven by the State must not only be consistent with the hypothesis that the accused is guilty, but also must be inconsistent with any hypothesis or theory which would establish or tend to establish his innocence."

The actual instruction given by the court as indicated by the reporter's transcript left out the word "not" and the "in" in "inconsistent":

> " * * * In order to sustain a conviction on circumstantial evidence, the circumstances proven by the State must only be consistent with the hypothesis that the accused is guilty, but also must be consistent with any reasonable hypothesis or theory which would establish or tend to establish his innocence."

While we must hold that the instruction on circumstantial evidence under *Harvill* was unnecessary, the instruction as given was also erroneous and confusing to the jury. The omission may have been merely an error in transcription by the court reporter, but we are bound by the record before us, which only discloses the erroneous instruction.

We therefore hold that we should reverse and remand for a new trial.

HOWARD and HATHAWAY, JJ., concur.

1. Overruling State v. Reynolds, 104 Ariz. 149, 449 P.2d 614 (1969), as to the holding in regard to circumstantial evidence.